**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TOTAL RECON AUTO CENTER, LLC<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM INSURANCE<br><br>Defendant. | Case No. |

**DEFENDANT STATE FARM'S**
**NOTICE OF REMOVAL**

COMES NOW, the Defendant State Farm Mutual Automobile Insurance Company (improperly named as "State Farm Insurance" in the Complaint) (hereinafter "State Farm"), by and through its undersigned counsel, Budow and Noble, P.C. and Laura Basem Jacobs, Esq., pursuant to 28 U.S.C.A. §§ 1332, 1441 and 1446, and hereby gives notice that it is removing the above-captioned action from the Circuit Court for Montgomery County, Maryland, in which it is now pending, to the United States District Court for the District of Maryland. In support thereof, Defendant State Farm states as follows:

1. On or about August 3, 2023, Plaintiff Total Recon Auto Center, LLC filed this action in the Circuit Court for Montgomery County, Maryland, styled as <u>Total Recon Auto Center, LLC v. State Farm Insurance</u>, Case Number C-15-CV-23-002994. Plaintiff alleges Defendant State Farm has tortiously interfered with Plaintiff's contractual relations with Plaintiff's customers (Count I); tortiously interfered with Plaintiff's prospective advantage with Plaintiff's prospective customers (Count II); and defamed Plaintiff by advising State Farm's insureds that they may be liable for out of pocket expenses if they select Plaintiff's repair facility to repair their automobile (Count III). For each Count,

Plaintiff's Complaint seeks "a judgment in its favor against Defendant State Farm Insurance in an amount which exceeds $75,000 in compensatory damages, punitive damages, pre- and post-judgment interest, and costs and such other relief as the Court deems just and proper."

2. On August 14, 2023, a copy of Plaintiff's Complaint and Writ of Summons were received by the Maryland Insurance Administration. State Farm first received a copy of the Summons, Complaint, Orders, and Plaintiff's initial discovery on August 18, 2023 via certified mail from the Maryland Insurance Administration. Pursuant to 28 U.S.C.A. § 1446(a), copies of all process, pleadings and orders delivered to this Defendant are attached hereto as Exhibit A.

3. This Notice of Removal is timely filed under 28 U.S.C.A. § 1446(b), as within the thirty (30) day period for filing for removal upon Defendant's receipt of a copy of Plaintiff's Complaint, through service or otherwise.

4. Pursuant to the requirements of 28 U.S.C.A. § 1446(d), Defendant State Farm has promptly provided written notice to Plaintiff of the filing of this Notice and forwarded a copy of this Notice to the Clerk of the Circuit Court for Montgomery County, Maryland.  A copy of the State Court Notice is attached hereto as Exhibit B.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C.A. § 1332, because the matter in controversy as set forth in Plaintiff's Complaint is for an amount in excess of $75,000 exclusive of interest and costs.  Each Count requests judgment "in an amount which exceeds $75,000 in compensatory damages, punitive damages, pre- and post- judgment interest and costs…."  Therefore, each Count independently satisfies the amount in controversy requirement because each Count seeks compensatory damages in excess of $75,000 exclusive of interest and costs as

well as unspecified punitive damages. Thus, the amount in controversy requirement is more than satisfied because the Complaint asserts three claims each seeking: (a) compensatory damages in excess of $75,000 exclusive of interest and costs and (b) punitive damages.

6. Moreover, there is complete diversity of citizenship between Plaintiff and Defendant State Farm. The Complaint alleges Plaintiff is a Maryland limited liability company with its principal place of business in Montgomery County, Maryland. Complaint ¶ 1. The Complaint alleges Defendant State Farm is a citizen of Illinois, where it is both incorporated and maintains its principal place of business. Complaint ¶ 2.

7. Defendant State Farm has taken no action in the state court proceedings other than the filing of its Notice of Removal. No further proceedings have been had in the state court.

8. Based upon the allegations in the Complaint, the proper venue for removal of this action is the United States District Court for the District of Maryland.

9. Undersigned counsel hereby certifies that Defendant State Farm is filing contemporaneously herewith true and legible copies of all process, pleadings, and orders which have been delivered to it in this matter. See Exhibit A; Exhibit B.

10. Defendant State Farm does not waive any objections to defects in service of process, jurisdiction, venue, or any other defense by the filing of this Notice of Removal. Instead, Defendant State Farm specifically reserves all such defenses.

11. Defendant State Farm is represented by the undersigned counsel who certifies pursuant to Fed. R. Civ. Proc. 11 that the foregoing is true and correct.

WHEREFORE, Defendant State Farm Mutual Automobile Insurance Company hereby respectfully requests that the above-captioned action be removed to the United

States District Court for the District of Maryland, and that it be placed on the docket of this Court for further proceeding, the same as though it originally had been filed in this Court.

Respectfully submitted,

**BUDOW AND NOBLE, P.C**

_____
Laura Basem Jacobs, Esq., Bar # 03142
12300 Twinbrook Parkway, Suite 540
Rockville, Maryland 20852
(301) 654-0896 telephone
(301) 907-9591 facsimile
LJacobs@BudowNoble.com
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company (improperly named as "State Farm Insurance"*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of September, 2023, a copy of the foregoing **Notice of Removal** was mailed first-class, postage prepaid and emailed to:

Eduardo S. Garcia, Esq.,
Flora K. Lee, Esq.
Stein Sperling Bennett De Jong Driscoll PC
101 Wotton Parkway, Suite 700
Rockville, Maryland 20852
egarcia@steinsperling.com
flee@steinsperling.com
*Attorneys for Plaintiff*

*/s/ Laura Jacobs*

_____
Laura Basem Jacobs, Esq., Bar # 03142
12300 Twinbrook Parkway, Suite 540
Rockville, Maryland 20852
(301) 654-0896 telephone
(301) 907-9591 facsimile
LJacobs@BudowNoble.com
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company (improperly named as "State Farm Insurance"*